# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. H. DOE and B. G. DOE, | ) | |
| | ) | 2:17cv719 |
| Plaintiffs, | ) | Electronic Filing |
| | ) | |
| v. | ) | Judge David Stewart Cercone |
| | ) | Magistrate Judge Maureen P. Kelly |
| LUIS QUINONES, PAM JEWERT, | ) | |
| TRINITY SERVICES GROUP, BUTLER | ) | |
| COUNTY, CORRECTIONS OFFICER | ) | |
| WINGROVE, CORRECTIONS OFFICER | ) | |
| RUSSELL, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM ORDER

After Plaintiffs John M. H. Doe and B. G. Doe filed a complaint in the above-captioned matter, alleging civil rights violations against Butler County (the "County"), Corrections Officer Tyler Wingrove ("Wingrove"), and Corrections Officer Randy Russell ("Russell") (collectively, the "Butler County Defendants"), and against Trinity Services Group, Inc. ("Trinity"), Trinity employee Pam Jewert ("Jewert"), and former Trinity employee Luis Quinones ("Quinones"). Plaintiffs' claims arise out of sexual harassment and assaults allegedly committed by Quinones, a while Plaintiffs were incarcerated in Butler County Prison and assigned to work in the kitchen. In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court, all pretrial matters were referred to United States Magistrate Judge Maureen P. Kelly.

On June 27, 2019, Motions for Summary Judgment were filed on behalf of the County Defendants (ECF No. 89) and on behalf of Trinity and Jewert (ECF No. 92). In a Report and

Recommendation issued on December 3, 2019 (ECF No. 120), the Magistrate Judge recommended that the Motion for Summary Judgment filed by the Butler County Defendants be granted and that the Motion for Summary Judgment filed by Trinity and Jewert be granted as to Trinity but denied as to Jewert. Objections to the Report and Recommendation were filed on behalf of Plaintiffs (ECF No. 124) and on behalf of Jewert (ECF No. 124).

After a comprehensive *de novo* review, the Court will adopt the Report and Recommendation in part and modify the Report and Recommendation with regard to Defendant Jewert. This Court finds that Jewert's alleged failure to report Plaintiffs' contentions that Quinones was acting "weird" and/or had slapped them on the ass are insufficient to create a genuine issue of material fact as to Jewert's deliberate indifference to an excessive risk of sexual assault. Specifically, Jewert testified that Plaintiffs came to her and stated that Quinones "smacked them [on the ass] with his hands." Plaintiff John B.G. Doe testified that the only complaint that he made to Jewert was that Quinones was being "weird" and "playing the whole gay card with me and I was not really comfortable with it." (Depo. of John B.G. Doe at 91). Plaintiff John M.H. Doe testified that he reported to Jewert that Quinones was "making weird comments." (Depo. of John M.H. Doe, Vol. 1, at 47-49).

Plaintiffs must "produce sufficient evidence to support the inference that [Jewert] 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" *Jones v. Day*, 2006 U.S. Dist. LEXIS 101667, *9 (W.D. Pa. Jan. 4, 2007) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir.2001)). It is not enough to assert that a defendant should have recognized the risk; the evidence must be sufficient to support the inference that "the defendant must have recognized the excessive risk and ignored it." *Beers-Capitol v. Whetzel*, 256 F.3d at

2

138.

It is undisputed that Jewert did not report the alleged striking of Plaintiffs on the buttocks by Quinones. The Court finds, however, that the evidence relating to these alleged incidents are insufficient to support a separate Eighth Amendment violation and, therefore, it cannot support a claim against Jewert based upon her failure to intervene and/or report. This Court agrees with the rationale of the Honorable Richard A. Lanzillo of this Court in *Sarvey v. Wetzel*, 2019 U.S. Dist. LEXIS 7595 (W.D. Pa. January 16, 2019), in which the Court dismissed the Eighth Amendment claim against the employee defendant who did not report a co-worker who defendant observed smacking the buttocks of an inmate with a ruler.

Whether an incident of misconduct towards an inmate rises to the level of an Eighth Amendment violation must be determined based upon a two-part analysis. The first element is objective and is satisfied only if the incident in question is "objectively, sufficiently intolerable and cruel, capable of causing harm . . .." *Ricks v. Shover*, 891 F.3d 468, 475, (3d Cir. 2018). When evaluating the objective element, the Supreme Court has warned that "not...every malevolent touch by a prison guard gives rise to a federal action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Rather, in contrast to common tort law, the Eighth Amendment shields inmates from only those actions repugnant to the conscience of mankind. *Ricks v. Shover*, 891 F.3d at 475-476.

In *Sarvey*, the Court cited numerous cases describing more egregious conduct than an inappropriate smack on the buttocks in which it was held that such conduct did not violate the Eighth Amendment.

> It has been routinely held that isolated incidents of similar severity are insufficient to support a cognizable Eighth Amendment claim. *See, e.g., McIntyre*

*v. Kellinger*, 741 Fed. Appx. 891, 2018 WL 3429964, at *1 (3d Cir. 2018) (holding that incident in which defendant dragged his hands down plaintiffs buttocks, gripped his buttocks, patted his thighs, and "squeezed [his] ass as if [he] was a woman" while whispering "in a sexual manner" during a pat-search was not objectively severe or serious to establish an Eighth Amendment violation); *Ricks v. Shover*, 891 F.3d at 479 (suggesting that an "isolated, momentary" incident in which guard "rubbed his erect penis against [plaintiffs] buttocks through both men's clothing" was not sufficiently severe, but allowing opportunity to amend); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (allegations that a female correction officer squeezed plaintiff's penis, said "[Y]ou know [you're] a sexy black devil, I like you," bumped into plaintiff with her breasts, and pinned him against the wall "with her whole body vagina against penis" were not sufficiently serious to amount to an Eighth Amendment violation); *Watson v. Wingard*, 2018 U.S. Dist. LEXIS 16659, 2018 WL 2108316 (W.D. Pa. Jan. 31, 2018) (allegations that defendant gave plaintiff an "upper cut" to the groin with his forearm, "groped and massaged [his] penis," and examined plaintiff's "butt . . . like a doctor" did not amount to sexual abuse); *Washington v. Harris*, 186 Fed. Appx. 865, 866 (11th Cir. 2006) (holding that inmate failed to state Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Jackson v. Madery*, 158 Fed. Appx. 656, 661 (6th Cir. 2005) (holding that the plaintiff's allegations that a guard grabbed and rubbed his buttocks in a degrading manner during a shakedown in the food area was insufficient to establish an Eighth Amendment violation); *Hughes v. Smith*, 237 Fed. Appx. 756, 759 (3d Cir. 2007) (no Eighth Amendment violation where correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); *Pantusco v. Sorrell*, 2011 U.S. Dist. LEXIS 58040, 2011 WL 2148392, at *7-8 (D.N.J. May 31, 2011) (defendant did not violate Eighth Amendment by groping plaintiff's genitals on a single occasion during a routine pat-search); *Harris v. Zappan*, 1999 U.S. Dist. LEXIS 8404, 1999 WL 360203 (E.D. Pa. May 28, 1999) (allegations of one instance of sexually explicit comments combined with fondling and rubbing on thighs and breasts not sufficiently serious for an Eighth Amendment violation); *Jones v. Culinary Manager II*, 30 F.Supp.2d 491, 497 (E.D. Pa. 1998) (a single incident alleging that a guard pinned plaintiff and ground his pelvis against plaintiff's buttocks while threatening sex not sufficiently serious).

*Sarvey v. Wetzel*, 2019 U.S. Dist. LEXIS 7595 at *37-39. This Court finds that Quinones alleged inappropriate behavior does not rise to the level of "cruel and unusual" and under contemporary standards is not a cognizable constitutional violation. Therefore, Jewert's failure to report the

4

alleged statements of Plaintiffs also fails to amount to deliberate indifference warranting liability under the Eighth Amendment.

The Court also finds that the Plaintiffs have failed to establish their Negligence and Negligent Infliction of Emotional Distress claims against Jewert. Therefore, all claims against Jewert for a violation of the Plaintiffs' Eighth Amendment rights, Negligence and Negligent Infliction of Emotional Distress will be dismissed with prejudice.

Accordingly,

**AND NOW**, this 10th day of March 2020;

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge dated December 3, 2019 (ECF No. 120) is adopted in part and modified in part as set forth in this Memorandum and together are deemed the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Butler County, Corrections Officer Tyler Wingrove, and Corrections Officer Randy Russell (ECF No. 89) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Trinity Services Group, Inc. ("Trinity") and Pam Jewert (ECF No. 92) is **GRANTED**.

**AND IT IS FURTHER ORDERED** that final judgment pursuant to Rule 58 is hereby entered in favor of Defendants, and against Plaintiffs.

s/ David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Honorable Maureen P. Kelly  
     United States Magistrate Judge

Nicholas J. Indovina, Esquire
Daniel M. Vugrinovich, Esquire
Marie Milie Jones, Esquire
Michael R. Lettrich, Esquire
(*Via CM/ECF Electronic Mail*)